# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1259

_____

Pam Koehler

*Plaintiff - Appellant*

v.

Arkansas Rehabilitation Services, Randy Laverty, Commissioner

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 28, 2015
Filed: October 29, 2015
[Unpublished]

_____

Before WOLLMAN, BYE, GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pam Koehler appeals the district court's[1] adverse grant of summary judgment on her retaliation claim under the Rehabilitation Act, which she brought against her

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

former employer the Arkansas Rehabilitation Services (ARS). ARS assists individuals with disabilities. ARS terminated Koehler's employment after she referred a client who had been denied services to a federally funded client-assistance program, which ARS viewed as a "complaint." Koehler provided no evidence that she believed that her employer denied this client services based on the client's disability. Therefore, we agree with the district court that Koehler did not engage in protected activity. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013) (where plaintiff alleged disability discrimination and retaliation under the Americans with Disabilities Act (ADA) and Rehabilitation Act, decisions interpreting either act were applicable and interchangable to claims under each statute); *Lenzen v. Workers Comp. Reinsurance Ass'n,* 705 F.3d 816, 821 (8th Cir. 2013) (to establish prima facie case of retaliation under the ADA, plaintiff must show that she engaged in protected activity based on reasonable good faith belief that agent of employer was engaged in disability discrimination and suffered adverse employment action causally linked to that protected conduct); *see also* 29 U.S.C. § 794 (prohibiting any program receiving federal financial assistance from denying benefits to otherwise qualified individual "solely by reason of her or his disability").

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____